JS - 6      LINKS: 1, 6, 7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-05676 GAF (Ex) | Date | July 13, 2012 |
|---|---|---|---|
| Title | Wells Fargo Bank, NA v. Phanya Yupraphat et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        **(In Chambers)**

### ORDER REMANDING CASE

On May 2, 2012, Plaintiff Wells Fargo Bank, NA filed an unlawful detainer action against Defendant Phanya Yupraphat in Los Angeles Superior Court.  (Docket No. 1, Not., Ex. 1 [Compl.].)  Plaintiff alleged that it purchased Defendant's former real property in Palmdale, California on December 1, 2011, at a non-judicial foreclosure sale, but that Defendant refused to quit the premises.  (Id. ¶¶ 3, 6–8.)  On June 29, 2012, Defendant removed the case to this Court, alleging that the Court had subject matter jurisdiction under 28 U.S.C. § 1331.[1]  (Not. at 4.)  On July 13, 2012, Plaintiff filed a motion to remand the case back to Los Angeles County Superior Court.  (Docket Nos. 6, 7.)  For the reasons set forth below, Defendant's allegations of subject matter jurisdiction are defective.  Accordingly, the Court **REMANDS** this case back to Los Angeles Superior Court.

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

---

[1] Defendant also asserted that the Court could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, but Plaintiff's complaint only contains one unlawful detainer claim.  (Not. at 4; Compl.)

JS - 6                    LINKS: 1, 6, 7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-05676 GAF (Ex) | Date | July 13, 2012 |
|---|---|---|---|
| Title | Wells Fargo Bank, NA v. Phanya Yupraphat et al. | | |

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28-29.

Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

Defendant contends that the Court has jurisdiction under 28 U.S.C. § 1331. (Not. at 4.) Specifically, Defendant claims that removal is proper under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), the Fair Debt Collections Practices Act ("FDCPA"), and the Real Estate Procedures Act ("RESPA"). (Id. at 2.) It is undisputed, however, that Plaintiff's complaint does not explicitly plead a federal cause of action.

A claim may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28-29. Defendant fails to provide any basis for finding that Plaintiff's claims meet either of these tests. Nor is there any basis for finding that Plaintiff engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2

JS - 6                                    **LINKS: 1, 6, 7**

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-05676 GAF (Ex) | Date | July 13, 2012 |
|----------|----------------------|------|---------------|
| Title | Wells Fargo Bank, NA v. Phanya Yupraphat et al. | | |

(1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, 2009 WL 365663, at *2 n.8 (C.D. Cal. Feb. 11, 2009).

Therefore, removal jurisdiction is lacking, even if Defendant intends to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ( "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court"); see also U.S. Nat'l Ass'n v. Almanza, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA is insufficient to create a federal question").

Based on the foregoing, Defendant has not established that federal subject matter jurisdiction exists. The Court therefore **GRANTS** Plaintiff's motion and **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**